Filed 7/28/23  P. v. Southerward CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081581 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No.  SCN419010) |
| QUIOAN SOUTHERWARD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, James E. Simmons, Judge.  Affirmed.

Quioan Southerward, in pro. per.; and James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In March 2022, Quioan Southerward entered into a plea agreement in which he pleaded guilty to one count of attempted murder (Pen. Code,[1] §§ 187 & 664), admitted he personally used a firearm (§ 12022.5, subd. (a)), that he personally inflicted great bodily injury on the victim (§ 12022.7,

---

[1]  All further statutory references are to the Penal Code.

subd. (a)), and admitted a prior strike (§ 667, subds. (b)-(i)). The parties stipulated he would be sentenced to a term of 13 years in prison.

The court ultimately sentenced Southerward to a determinate term of 13 years.

In October 2022, Southerward filed a petition for resentencing under section 1172.6. The court appointed counsel, received briefing, and reviewed the record of conviction. Following a hearing, the trial court found Southerward had not stated a prima facie case for resentencing under the statute. The court denied the petition without issuing an order to show cause.

At the hearing, the court found that Southerward "was a direct perpetrator to the crime of attempted murder. He admitted as such in his factual basis on his change of plea form. He admitted to being the individual who personally and intentionally discharged the firearm in this case, who committed the crime with—with express malice to commit the crime. Therefore, he is not eligible for relief under Penal Code section 1172.6."

Southerward filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to the directions provided by *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to conduct an independent review of the record similar to the procedure established in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Southerward of his right to file his own brief on appeal. Southerward has responded by filing a supplemental brief. We will discuss the supplemental brief later in this opinion. This appeal arises from a postjudgment motion after a plea of guilty. We do not find it necessary to construct a statement of facts for this appeal.

2

DISUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether the trial court erred in summarily denying Southerward's petition without issuing an order show cause.

In his supplemental brief, Southerward raises several issues that do not address the propriety of the trial court's conclusion Southerward was a direct perpetrator who personally and intentionally discharged the firearm that caused the victim's injury. Instead, Southerward argues we should stay the three year term for the infliction of great bodily injury. Somehow Southerward reasons recent legislation relating to section 654 should require a modification of his sentence. Southerward does not discuss any possible errors in the trial court's ruling on the petition for resentencing under section 1172.6. Southerward has not identified any arguably meritorious issues with regard to the order currently before us.

We have exercised our discretion to independently review the record for error. Consistent with the procedures established in *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Southerward on this appeal.

3

DISPOSITION

The order denying Southerward's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

4